## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., AND HONEYWELL INTELLECTUAL PROPERTIES INC. | ) ) ) C.A. No. 05-874 KAJ |
| Plaintiffs, | ) ) **DEMAND FOR JURY** ) **TRIAL** ) |
| vs. | ) ) |
| CITIZEN WATCH CO., LTD. AND CITIZEN DISPLAYS CO., LTD., | ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANTS CITIZEN WATCH CO., LTD. AND CITIZEN
## DISPLAYS CO., LTD.'S ANSWER TO THE COMPLAINT,
## AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Citizen Watch Co., Ltd. and Citizen Displays Co., Ltd. (hereinafter referred to as "Defendants") by their undersigned attorneys, hereby respond to the Complaint filed by Plaintiffs Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. ("Plaintiffs" or "Honeywell"), with the following Answer, Affirmative Defenses, Counterclaims, and jury demand:

### GENERAL DENIAL

Unless specifically admitted below, Defendants deny each and every allegation contained in the Complaint.

### RESPONSE TO SPECIFIC ALLEGATIONS

In answer to the separately numbered paragraphs of the Complaint, Defendants state the following:

## NATURE OF THE ACTION

1.     Defendants admit that Plaintiffs have filed a Complaint that alleges willful infringement of a United States patent. Except as specifically admitted, Defendants deny the allegations of paragraph 1 of the Complaint.

## THE PARTIES

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis deny these allegations.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis deny these allegations.

4.     Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5.     Defendants admit the allegations set forth in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and on that basis deny them.

7.     Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is nonetheless required, Defendants deny that they have infringed, contributed to the infringement of or induced the infringement of any valid claim of the patent-in-suit. Defendants deny the remaining allegations, if any, contained in paragraph 7 of the Complaint. Defendants further deny that any product provided or sold by Defendants to others directly infringed, contributed to the infringement of, or induced the infringement of the patent-in-suit.

8.     Defendants admit that venue is proper in this judicial district.

-2-

## BACKGROUND TO THE ACTION

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis deny these allegations.

10.     Defendants admit that a document is attached to the Complaint as Exhibit 1 which purports to be a copy of United States Patent No. 5,280,371 (the "'371 patent"). Except as specifically admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis deny these allegations.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis deny these allegations.

## ACTS GIVING RISE TO THE ACTION

12.     Defendants admit that they have been engaged in the manufacture of LCD modules that are incorporated by others into products that are sold in the United States. Except as specifically admitted, Defendants deny the allegations in paragraph 12 of the Complaint.

13.     Defendants deny the allegations of paragraph 13 of the Complaint. Defendants deny that they have directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent.

14.     Defendants deny the allegations of paragraph 14 of the Complaint. Defendants deny that they have directly infringed, contributed to the infringement of, or induced the infringement of the '371 patent.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

15.     Defendants deny that Plaintiffs are entitled to any relief whatsoever against Defendants in this action, either as prayed for in their Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Further answering Plaintiffs' Complaint, Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

16.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

17.     Defendants do not infringe and have not infringed any claim of the '371 patent, either literally or under the doctrine of equivalents, by direct, contributory or inducing infringement.

### THIRD AFFIRMATIVE DEFENSE

18.     The claims of the '371 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

19.     At least a portion of Plaintiffs' claim for damages is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

20.     Plaintiffs' claims are barred by the doctrine of equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

21.     Upon information and belief, one or more of the parties who purchase, use or sell products accused to infringe the '371 patent are licensed and/or claims have been released pursuant to agreements with Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

22.     Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

23.     Plaintiffs' infringement claims are barred by the equitable doctrine of prosecution history laches.

## NINTH AFFIRMATIVE DEFENSE

24.    At least a portion of Plaintiffs' claim for damages is barred by the time limitation on damages set forth in 35 U.S.C. § 286.

## TENTH AFFIRMATIVE DEFENSE

25.    At least a portion of Plaintiffs' claim for damages is barred by the failure of Plaintiffs or their licensees to comply with the notice and marking requirements of 35 U.S.C. § 287.

## ELEVENTH AFFIRMATIVE DEFENSE

26.    The '371 patent is unenforceable as a result of inequitable conduct during the prosecution of the application that led to the issuance of the '371 patent. Specifically, on information and belief, the inventors of the '371 patent, the assignee of the '371 patent, and/or other persons associated with the filing and prosecution of the application that led to the issuance of the '371 patent, knowingly failed to appropriately disclose material information to the United States Patent and Trademark Office ("USPTO") with the intent to deceive the USPTO. Such material information includes, but is not limited to, an article by H. Noda et al. entitled "High Definition Liquid Crystal Projection TV," Japan Display 1989, pp. 256-259 (hereinafter the "Noda article").

27.    Applicants for patents have a general duty of candor and good faith in their dealings with the USPTO. Pursuant to 37 C.F.R. § 1.56 ("Rule 56"), the inventors had an affirmative obligation to disclose to the USPTO all information that they knew was material to the examination of their pending application. The inventors' duty extended to their representatives, such as their attorneys, and all others who were substantively involved in the preparation or prosecution of the '371 patent.

28.    Defendants are informed and believe that the inventors knew of their duty to cite material prior art references to the USPTO during the prosecution of the '371 patent. Defendants are further informed and believe that the inventors and their agents

-5-

knowingly and willfully concealed and misrepresented material information during the prosecution of the '371 patent and that because of such inequitable conduct, the '371 patent is unenforceable against Defendants.

29.    The Noda article was published in 1989, and is prior art to the '371 patent under 35 U.S.C. § 102. The Noda article discloses removing a moiré pattern by using a lens array pitch which is a nonintegral multiple of a display pitch (see page 257, column 2).

30.    During the prosecution of the application that led to the issuance of the '371 patent, individuals who were subject to the duty of candor under Rule 56 were aware of the Noda article. Two of the named inventors of the '371 patent, R.I. McCartney and D. Syroid, authored an article entitled "Directional Diffuser Lens Array for Backlit LCDs," Japan Display 1992, pp. 259-262 (hereinafter the "McCartney article"), in which the other named inventor of the '371 patent, Karen Jachimowicz, is acknowledged as a contributor. The McCartney article discloses technology similar to that disclosed in the '371 patent. The McCartner article cites the Noda article at page 261, column 2 and in footnote 4, for its teaching of removing a moiré pattern by using a lens array pitch that is a non-integral multiple of a display pitch.

31.    The Noda article is material under Rule 56 at least because it establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of one or more claims of the '371 patent, and/or reasonable examiner would have considered this information important in deciding whether to allow one or more claims of the application that led to the issuance of the '371 patent.

32.    In comments made during the prosecution of the application that led to the issuance of the '371 patent, the applicants argued, in response to prior art rejections, that the applied references do not discuss eliminating moiré effects with appropriate selection of the relative pitch of lens arrays (page 3 of the Amendment filed on February 2, 1993).

Further, the examiner indicated that dependent claims, which recited relative pitches of the lens arrays, contained allowable subject matter (page 4 of the Official Action mailed on May 6, 1993), and the applicants amended such claims to place them into independent form to obtain their allowance (Amendment filed on July 2, 1993). Accordingly, on information and belief, individuals subject to the duty of candor under Rule 56, including R.I. McCartner and D. Syroid, knew, or should have known, that the Noda article, which teaches removing a moiré pattern by using a lens array pitch which is a non-integral multiple of a display pitch, was highly material to the patentability of the subject matter claimed in the '371 patent and should have been disclosed to the USPTO Examiner for his consideration in determining whether or not to allow and issue the claims in the '371 patent.

33.     The Noda article was never disclosed to the USPTO during the prosecution of the application that matured into the '371 patent, even though individuals subject to the duties of candor and disclosure were aware of the article. On information and belief, these individuals withheld the Noda article from the USPTO with an intent to mislead and deceive the USPTO.

34.     As a result of the foregoing inequitable conduct, the '371 patent is unenforceable.

## COUNTERCLAIMS

Defendants, for their counterclaims against Plaintiffs, allege as follows:

## GENERAL ALLEGATIONS

35.     Counter-plaintiff Citizen Watch Co., Ltd. ("CWC") is a Japan corporation with offices in Tokyo, Japan.  Counter-plaintiff Citizen Displays Co., Ltd. ("CDC") is a Japan corporation having its principal place of business in Tokyo, Japan (CWC and CDC will hereinafter collectively be referred to as "counter-plaintiffs").

36.     Plaintiff and counter-defendant Honeywell International Inc. ("Honeywell International") alleges in the Complaint that it is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

37.     Plaintiff and counter-defendant Honeywell Intellectual Properties, Inc. ("HIPI") alleges in the Complaint that it is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona (Honeywell International and HIPI will hereinafter collectively be referred to as "counter-defendants").

38.     Counter-defendants allege that they own the full and exclusive right, title and interest in and have standing to sue for infringement of United States Patent No. 5,280,371, entitled "Directional Diffuser for a Liquid Crystal Display," which issued January 18, 1994 (the "'371 patent").

39.     On or about December 16, 2005, counter-defendants commenced this civil action for infringement of the '371 patent by filing their Complaint in this action against counter-plaintiffs.  Counter-defendants' Complaint alleges that various consumer products containing LCD screens infringe the '371 patent.

40.     As a consequence there is an actual justiciable controversy between counter-defendants and counter-plaintiffs concerning whether counter-plaintiffs and their products infringe any valid and enforceable claim of the '371 patent.

## JURISDICTION

41.     In their counterclaims, counter-plaintiffs seek to obtain a judgment declaring that the '371 patent is invalid and not infringed by counter-plaintiffs' products. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28 of the United States Code, Sections 2201 and 2202, and Title 35 of the United States Code. Counter-defendants have subjected themselves to the jurisdiction of this Court for purposes of the counterclaims against them. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331, 1338(a) and 2201, et seq.

## FIRST COUNTERCLAIM

### (Declaration of Noninfringement of the '371 Patent)

42.     Paragraphs 1 through 41 are incorporated by reference as though fully pleaded herein.

43.     Counter-plaintiffs do not directly, contributorily, or by inducement, infringe any claim of the '371 patent, either literally or under the doctrine of equivalents.

44.     The importation, use, sale or offer for sale of LCD products manufactured, sold or provided by counter-plaintiffs in the United States does not infringe, contributorily infringe, or induce infringement of any claim of the '371 patent, either literally or under the doctrine of equivalents.

45.     There presently exists an actual justiciable controversy between counter-defendants and counter-plaintiffs concerning whether counter-plaintiffs or any of their LCD products infringe any of the claims of the '371 patent. Absent a declaration of noninfringement, counter-defendants will continue to wrongfully assert the '371 patent

-9-

against counter-plaintiffs and others, including their customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause counter-plaintiffs irreparable injury and damage.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity of the '371 Patent)

46.    Paragraphs 35 through 45 are incorporated herein by reference as though fully pleaded herein.

47.    The '371 patent, and each claim thereof, is invalid because it fails to comply with the requirements of the Patent laws of the United States including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

48.    There presently exists an actual and justiciable controversy between counter-plaintiffs and counter-defendants concerning the validity of '371 patent. Absent a declaration of invalidity, counter-defendants will continue to wrongfully assert the '371 patent against counter-plaintiffs, and others, including their customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause counter-plaintiffs irreparable injury and damage.

## THIRD COUNTERCLAIM

### (Unenforceability of the '371 Patent)

49.    Paragraphs 35 through 48 are incorporated by reference as though fully pleaded herein.

50.    As set forth in detail in their Tenth Affirmative Defense, which is incorporated herein by reference, during the prosecution of the '371 patent before the PTO, the inventors and/or other individuals subject to the duty of candor under Rule 56 knowingly failed to disclose material prior art and/or other material facts to the USPTO, in violation of their duty of candor under Rule 56.

51.     The '371 patent inventors and their attorneys were aware of the undisclosed prior art and/or material facts during the prosecution of the '371 patent, were aware of the materiality of the information, and did not disclose it to the USPTO, with the intent to deceive the USPTO.

52.     The '371 patent is therefore unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, counter-plaintiffs pray for judgment:

### On Plaintiffs' Claims:

A.     Entering judgment against Plaintiffs and in favor of Defendants with respect to Plaintiffs' Complaint and Defendants' affirmative defenses;

B.     Denying all remedies and relief sought by Plaintiffs in their Complaint;

C.     Dismissing the Complaint with prejudice;

D.     Declaring that Defendants and their customers, affiliates, and those in privity with Defendants do not infringe and have not infringed any of the claims of the '371 patent.

E.     Declaring that products manufactured, sold, offered for sale, imported or otherwise produced by Defendants do not infringe and have not infringed any of the claims of the '371 patent;

F.     Declaring that the '371 patent is invalid and/or unenforceable;

G.     Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against Defendants or their customers, affiliates, and all others in privity with Defendants;

H.     Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by Defendants;

-11-

I.      Declaring that this case is an exceptional case under 35 U.S.C. § 285 and awarding Defendants their costs, attorneys' fees, and expenses; and

J.      Awarding Defendants any other and further relief as the Court may deem just and proper.

## On Defendants' Counterclaims:

K.      Entering judgment against Plaintiffs and in favor of Defendants with respect to Defendants' counterclaims;

L.      Declaring that the '371 patent is invalid and/or unenforceable;

M.      Declaring that Defendants and their customers, affiliates, and all others in privity with Defendants do not infringe and have not infringed any of the claims of the '371 patent;

N.      Declaring that Plaintiffs, their assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '371 patent against or collecting damages from Defendants or their customers, affiliates, and all others in privity with Defendants;

O.      Declaring that Plaintiffs, their assigns, licensees, and all those in privity therewith are, collectively and individually, barred from asserting infringement of the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by Defendants.

P.      Enjoining Plaintiffs, their assigns, licensees, and all those in privity herewith from asserting the '371 patent against Defendants or their customers, affiliates, and all others in privity with Defendants;

Q.      Enjoining Plaintiffs, their assigns, licensees, and all those in privity therewith from asserting the '371 patent against products manufactured, sold, offered for sale, imported or otherwise provided by Defendants;

R.    Declaring that this case is an exceptional case under 35 U.S.C. § 285 and awarding Defendants their costs, attorneys' fees, and expenses; and

S.    Awarding Defendants any other and further relief as the Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Defendants request a trial by jury for all issues triable to a jury.

DATED: February 21, 2006        BOUCHARD MARGULES & FRIEDLANDER, P.A.

/s/ John M. Seaman
David Margules (Bar No. 2554)
John M. Seaman (Bar No. 3868)
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel:    (302) 573-3508
Fax:    (302) 573-3501
E-mail:  dmargules@bmf-law.com
E-mail:  jseaman@bmf-law.com

Attorneys for Defendants
CITIZEN WATCH CO., LTD. AND
CITIZEN DISPLAYS CO., LTD.

OF COUNSEL:
Stuart Lubitz
David H. Ben-Meir
HOGAN & HARTSON, LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6047

-13-